UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SERGIO RAIDEL TELO SOSA,

Petitioner,

v.

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT DETROIT FIELD OFFICE DIRECTOR,

Respondent.

Case No. 1:26-cv-2957

Honorable Paul L. Maloney

# OPINION

Petitioner, a former United States Immigration and Customs Enforcement (ICE) detainee, initiated this action while detained by ICE by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) Petitioner is granted leave to proceed *in forma pauperis*.[1] For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## Discussion

### I. Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondent to release Petitioner from custody or ordering Respondent to conduct a bond hearing to satisfy the requirements of due process. (Pet., ECF No. 1, PageID.7.)

[1] This case was transferred to this Court from the Eastern District of Michigan on October 16, 2026 (Order, ECF No. 5.)

In an order entered on October 16, 2026, the Court directed Respondent to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 8.) Respondent filed their response on October 10, 2026, asking the Court to dismiss this matter because Petitioner has been removed from the United States. (Resp., ECF No. 10.)

## II. Relevant Factual Background

The record before the Court includes very little factual background about Petitioner's immigration status. On October 10, 2026, Respondent submitted their response, which stated that Petitioner was removed from the United States on October 5, 2026, and that Petitioner was no longer in the custody of Respondent. (Resp., ECF No. 10.)

## III. Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

"Under Article III of the United States Constitution, federal courts have the power to adjudicate only 'Cases' and 'Controversies.'" *Cal. Palms Addiction Recovery Campus, Inc. v. United States*, 158 F.4th 726, 730 (6th Cir. 2025) (quoting *Mokdad v. Sessions*, 876 F.3d 167, 169 (6th Cir. 2017)). "Part of what Article III requires is that there be a *live* case or controversy—'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome,' a case becomes moot." *Id.* (some internal quotations omitted) (citation omitted). "When

the case-and-controversy requirement is not satisfied, federal courts lack subject-matter jurisdiction." *Id.* (citing *Mokdad*, 876 F.3d at 170.)

## IV. Analysis

In Petitioner's § 2241 petition, as relief, Petitioner asked the Court to order Respondent to release Petitioner from custody or to conduct a bond hearing to satisfy the requirements of due process. (Pet., ECF No. 1, PageID.7.) After initiating this action, Petitioner was removed from the United States and is no longer in Respondent's custody. (Resp., ECF No. 10.)

Because the relief sought in Petitioner's § 2241 petition related to his detention, and he is no longer detained by Respondent, it appears that the present § 2241 petition is moot. Therefore, the Court will dismiss the action without prejudice.

## Conclusion

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: October 28, 2026

/s/ Paul L. Maloney
Paul L. Maloney
United States District Judge